Keith A. Fink, Bar No. 146841
kfink@finklawfirm.com
Sarah E. Hernandez, Bar No. 206305
shernandez@finklawfirm.com
Imbar Sagi-Lebowitz Bar No. 232728
islebowitz@finklawfirm.com
KEITH A. FINK & ASSOCIATES
11693 San Vicente Blvd. #128
Los Angeles, California 90049
Telephone: (310) 268-0780
Facsimile: (310) 268-0790

Attorneys for Defendants
EC-COUNCIL UNIVERSITY, SANJAY BAVISI, KANAKLATA BAVISI, VENUS FISHER, APRIL RAY, ALEXIS GONZALES AND ZANNA JONES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ALEX LAZO<br><br>            Plaintiff,<br>vs.<br><br>EC-COUNCIL UNIVERSITY, an online University incorporated in the State of Wyoming; JAY BAVISI, an individual; LATA BAVISI, an individual; VENUS FISHER, an individual, APRIL RAY, an individual; ALEXIS GONZALES, an individual; ZANNA JONES, an individual and DOES 1-50,<br><br>            Defendants. | Case No.:  8:22-cv-2051<br><br>[Orange County Superior Court Case No. 30-2022-01278445-CU-OE-CJC]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B)**<br><br>Complaint Filed August 31, 2022 |

<u>TO THE UNITED STATES DISTRICT COURT OF THE STATE OF CALIFORNIA</u>

Please take notice that Defendant EC Council University ("Defendant") hereby files this Notice of Removal in the above-entitled action: *Dr. Alex Lazo v. EC-Council University et al, Case No.* pending in the Superior Court of the State of California, County of Orange, Central Justice Center 700 Civic Center Drive West, Santa Ana, CA 92701 to this United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441.

The Defendants SANJAY BAVISI, KANAKLATA BAVISI, VENUS FISHER, APRIL RAY, ALEXIS GONZALES AND ZANNA JONES join in this Removal. The grounds for removal are as follows:

## I.   INTRODUCTION

1. On or about August 31, 2022 Plaintiff Alex Lazo ("Plaintiff") commenced an action in the Superior Court of the State of California- County of Orange titled *Dr. Alex Lazo v. EC-Council University, Jay Bavisi, Lata Bavisi, Venus Fisher, April Ray, Alexis Gonzales and Zanna Jones ("The Action")* A true and correct copy of the Summons, Complaint and Civil Case Cover Sheet is attached hereto as Exhibit A to Declaration of Imbar Sagi-Lebowitz ("ISL Dec.") ¶3.

2. This Action is a civil action for damages and equitable relief alleging the following causes of action: (1) Failure to Pay Wages When Due; (2) Unpaid overtime Wages; (3) Failure to Provide Meal/Rest Periods; (4) Waiting Time Penalties; (5) Failure to Keep and Provide Accurate Itemized Wage Statements; (6) Unfair Business Practices; (7) Wrongful Retaliation and Termination in Violation of California Law; (8) Failure to Pay Accrued Personal Time Off.  (ISL Dec.¶3, Exhibit A)

## II. THIS NOTICE OF REMOVAL IS TIMELY

3. On or about October 10, 2022, the Summons, Complaint, Alternative Dispute Resolution Information, Notice of Hearing-Case Management Conference, and Civil Case Cover Sheet was mailed to the place of business of Defendant EC-Council University ("ECCU") located at 101C Sun Avenue NE, Alburquerque, NM 87109 by certified mail. (ISL Dec. ¶3, Exhibit A; Kanaklata Bavisi Declaration ¶10) Plaintiff did not strictly comply with service requirements for out of state defendants under the Code of Civil Procedure Sections 417.20(a), 410.50, 415.40, 416.10. Therefore, service was defective on the Defendants.

4. Prior to filing this Complaint, counsel for Plaintiff knew that Keith A. Fink & Associates were retained as counsel for ECCU. Interestingly, on or about October 10, 2022 the law clerk manager for Plaintiff's counsel emailed defense counsel stating that a response to the complaints has not been received and if a response is not received by October 14, 2022, a default will be entered. Defense counsel sought confirmation of service and asked for the proofs of service. None were sent by Plaintiff's counsel, but instead counsel for Plaintiff asserted he will not respond to any questions until his were answered. This disingenuous response was surprising coming from an attorney insinuating that service was effectuated approximately a month prior such that a response was overdue. Effectively, counsel for Plaintiff sought to improperly convey to defense counsel that service was effectuated prior to October 10, 2022 which was not the case, in order to obtain an appearance by Defendants. (See ISL Dec. ¶3, Exhibit A) The only reason Plaintiff's counsel did this

would be to obtain a responsive pleading whether or not the Defendants were properly served or served at all in this Action.

5. The 30-day removal period is triggered by the notice of removability discovered with facts supporting the removal from the face of the complaint. (*Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 694) Accordingly the removal is timely.

### III. DIVERSITY JURISDICTION

6. This removal is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332 as the parties to this Action are of diverse citizenship and the amount of controversy exceeds the amount specified in 28 U.S.C. Section 1332, $75,000 exclusive of interests and costs.

7. This civil action for which this Court has original jurisdiction, 28 U.S.C. Section 1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441(b).

### IV. THE ACTION IS BETWEEN CITIZENS OF DIFFERENT STATES

8. For diversity purposes, to establish diversity, a natural person must be both a "citizen of the United States" and "a domiciliary of one particular state." A party's residence is prima facie evidence of his or her domicile. (*State Farm Mutual Auto Ins. Co. v. Dyer* (10th Cir. 1994) 29 F.3d 514, 520; *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090.)

9. Plaintiff is a citizen of the State of California (8306 E Hillsdale Dr. Orange, CA 92869). (ISL Dec. ¶3, Exhibit A) Contracts signed by Plaintiff states he lives in California. (Kanaklata Bavisi Declaration ¶5, Exhibit B) Further, Plaintiff states in the Complaint that he resides in the State of California. (See ISL Dec. ¶3, Exhibit A)

10. The citizenship of a corporate entity is determined by where its "nerve center" is. This is normally the place where the corporation maintains its headquarters and provides direction, control and coordination for the business. It is not simply an office where corporate board meetings are held. (*Hertz Corp. v. Friend* (2010) 559 U.S. 77, 93)

11. Defendant ECCU is headquartered in Albuquerque, New Mexico. The place where the corporation has its direction, control and coordination is in Kuala Lumpur, Malaysia. This is where the President makes the decisions and coordinates the business activities of Defendant ECCU. (Kanaklata Bavisi Declaration ¶2-4)

12. Furthermore, each of the Defendants reside, are domiciled, and are citizens outside of California. Alexis Gonzales and Zanna Jones are residents, domiciliaries, and citizens of New Mexico. (Declaration of Alexis Gonzales ¶1-3; Declaration of Zanna Jones ¶1-3) April Ray is a resident, domiciliary and citizen of Minnesota. (Declaration of April Ray ¶1-3) Venus Fisher is a resident, domiciliary and citizen of Illinios. (Declaration of Venus Fisher ¶1-2) Sanjay Bavisi and Kanaklata Bavisi are both residents, domiciliaries and citizens of Malayasia. (Declaration of Sanjay Bavisi ¶1-3; Declaration of Kanaklata Bavisi ¶2)

13. Therefore, the parties are diverse as Plaintiff is a resident, domiciliary and citizen of California while the Defendants reside, are domiciled and citizens outside the state of California.

## V.  THE AMOUNT OF CONTROVERSY EXCEEDS $75,000

14. A removing defendant can meet the burden of showing that the amount in controversy of $75,000 has been met by showing that the "facially apparent" allegations demonstrate the amount in controversy. (*Luckett

*v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298.) For example, allegations of property damages, travel expenses, pain and suffering, wrongful termination allegations showing a "lengthy list of compensatory and punitive damages" would meet the threshold. (*White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674.) Further, the defendant need only provide evidence that is "more likely than not" to exceed the amount in controversy. (*Sanchez v. Monumental Life Insurance Co.* (9th Cir. 1996) 102 F. 3d 398, 403-404.)

15. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages and attorneys' fees. (*Gait G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156; *Davenport v. Mutual Benefit Health & Accident Ass'n* (9th Cir. 1963) 325 F.2d 785, 787; *Conrad Assoc.'s v. Hartford Accident & Ind. Co.* (N.D. Cal. 1998) 994 F.Supp.1196, 1198.)

16. In this Action, Plaintiff prays for unpaid wages, unpaid rest and meal break premiums, expenses, liquidated damages; statutory penalties, attorneys' fees and costs and interest, amongst other remedies. (ISL Dec. ¶3, Complaint, Prayer) He is seeking penalties, attorneys' fees and wages for a period of at least four years, the amount he seeks in damages exceeds $75,000, exclusive of interest and costs as required by 28 U.S.C. Section 1332(a).

## VI. VENUE

17. Removal to the Court is proper because the original filing was in the County of Orange. Therefore, without waiving the right to challenge, amongst other things, personal jurisdiction and/or venue by way of motion or otherwise, venue lies within this Court pursuant to 28 U.S.C.

§§ 1391(a) and 1441(a).

18. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this notice, Defendants shall give written notice thereof to Plaintiff and shall file a copy of the notice with the clerk of the Superior Court of the State of California, County of Orange, in which the Action was commenced.

## VII. CONCLUSION

19. Accordingly, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Therefore, this Action may be removed to the Court pursuant to 28 U.S.C. § 1441.

DATED: November 9, 2022

KEITH A. FINK & ASSOCIATES

*/s/Imbar Sagi-Lebowitz*

By: _____

Keith A. Fink
Sarah Hernandez
Imbar Sagi-Lebowitz
Attorneys for Defendants EC-COUNCIL UNIVERSITY, SANJAY BAVISI, KANAKLATA BAVISI, VENUS FISHER, APRIL RAY, ALEXIS GONZALES AND ZANNA JONES

# PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11693 San Vicente Blvd., #128, Los Angeles, California, 90049.

On November 9, 2022, I served the document described as **[SEE DOCUMENT LIST]** on all interested parties in this action as follows:

Marc Y. Lazo
mlazo@kllawgroup.com
K & L LAW GROUP, P.C.
2646 Dupont Dr., Suite 60340
Irvine, California 92612

*Counsel for Plaintiff*

[X]   BY MAIL

   [X]   As follows: I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   (BY ELECTRONIC MAIL) By transmitting a PDF copy of the document(s) listed herein to the email address(es) set forth above.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of the court at whose direction the service was made.

Dated: November 9, 2022        By:   */s/ Joseline Angulo*
                                      ———————————————
                                      Joseline Angulo

## DOCUMENT LIST

1. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B)
2. DECLARATION OF IMBAR SAGI-LEBOWITZ IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441; EXHIBIT
3. DECLARATION OF SANJAY BAVISI IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)
4. DECLARATION OF KANAKLATA BAVISI IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B); EXHIBIT
5. DECLARATION OF VENUS FISHER IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)
6. DECLARATION OF APRIL RAY IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)
7. DECLARATION OF ALEXIS GONZALES IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)
8. DECLARATION OF ZANNA JONES IN SUPPORT OF REMOVAL UNDER 28 U.S.C. SECTION 1441(B)
9. CIVIL COVER SHEET
10. JOINDER IN SUPPORT OF NOTICE OF REMOVAL
11. NOTICE OF INTERESTED PARTIES
12. NOTICE OF RELATED CASES
13. PROOF OF SERVICE OF NOTICE TO OF REMOVAL TO FEDERAL COURT